Defendant-appellant Mark T. Reyland appeals from his conviction and sentence for Domestic Violence. Reyland contends that his trial counsel was ineffective for having failed to file a jury demand within the time prescribed by Crim.R. 23(A). We conclude that the alleged ineffectiveness of Reyland's counsel cannot be ascertained from this record. Accordingly, the judgment of the trial court is Affirmed.
 I
On September 30, 1996, Reyland was charged with Domestic Violence. Eight days later, Reyland's attorney filed an entry of appearance, entered a written plea of not guilty, and a time waiver. In late November, 1996, trial was scheduled for December 27, 1996.
On December 20, 1996, Reyland's attorney filed a jury demand. This demand was overruled, upon the basis that it was not filed within the time prescribed by Crim. R. 23(A).
Following a bench trial, Reyland was found guilty as charged, and sentenced accordingly. From his conviction and sentence, Reyland appeals.
 II
Reyland's sole Assignment of Error is as follows:
 TRIAL COUNSEL'S FAILURE TO TIMELY FILE A JURY DEMAND CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL, AND DEPRIVED THE DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL.
Pursuant to Crim.R. 23(A), Reyland was required to file a written jury demand not less than ten days prior to the date set for trial, and his failure to do so constituted a waiver of his right to trial by jury. Reyland contends that his trial counsel was ineffective for having failed to file a timely jury demand. A jury demand was, in fact, filed on December 20, 1996, but this was only seven days before the scheduled trial date of December 27, 1996.
If, as a result of Reyland's counsel's ineffectiveness, Reyland was deprived of his right to a jury trial, we would agree with Reyland that his Sixth Amendment right to the effective assistance of counsel was violated, requiring a reversal of his conviction. The problem is that the ineffectiveness of his trial counsel cannot be demonstrated from this record. Although counsel can, and ordinarily should, advise a criminal defendant whether to demand a jury, that decision is ultimately for the client. We cannot determine, from this record, what communications may have transpired between Reyland and his counsel on or before December 20, 1996. From this record, it is entirely possible that Reyland had made a decision, with or without the advice of counsel, to waive a jury, but changed his mind on December 20, 1996, when a written jury demand was filed on his behalf. In that event, Reyland's counsel could not be deemed to have been ineffective.
Reyland's sole Assignment of Error is overruled, without prejudice to this issue being raised in a petition for post-conviction relief, in which both Reyland and the State might elicit testimony from Reyland's trial counsel from which it could then be determined whether his trial counsel was ineffective.
 III
Reyland's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
F. Jay Newberry
Michael E. Jewart
Richard Hempfling
Hon. Robert Moore